# Feinberg *v.* New York Life Insurance Company, Appellant.

*Insurance—Life insurance—Application — Medical questions— False statement—Recovery—Act of May 11, 1881, P. L. 20.*

1. Where the sole reason for refusing payment to the beneficiary of an insurance policy is the alleged fraudulent representations by which defendant was induced to issue the policy, the burden of proving fraud is upon the defendant.

2. In an action on a life insurance policy the introduction in evidence of the application for insurance and examiner's report followed by evidence that the answers to certain questions contained therein were untrue does not meet the burden of proof, where it appears that by reason of the applicant's inability to either read or write the English language, the answers to questions were written in the application and medical examiner's report by representatives of defendant, and where it does not appear that the answers inserted in the blank forms were read over to the applicant, and particularly where it appears that the application was signed in blank by the applicant and filled in the following day at the agent's office, from memoranda made by him.

3. In such case whether the answer of the applicant were correctly transcribed by defendant's representative was a question for the jury.

4. Where there was evidence that the applicant was suffering

from a disease of such latent character that its presence was not' discovered by defendant's examining physician, the court properly charged that the applicant's answers were not fraudulent even though' not in accordance with. the facts, and defendant's rights were sufficiently protected by instructions to the effect that if the applicant made the statements set forth in the answers, knowing they were false, and the policies were issued in reliance upon them, and defendant promptly rescinded the contract on ascertaining the truth, there should be no recovery.

5. Where in such case the application was not made part of the policy, and where there was nothing to show that the answers were intended as warranties and not mere representations, the question whether the false answer was material to the risk was properly submitted to the jury.

6. Whether under the Act of May 11, 1881, P. L. 20, requiring all life and fire insurance policies containing a reference to the application of the insured or the by-laws of the company as forming a part of the policy or contract, to have attached to them correct copies of such application and by-laws, an application may be offered in evidence as part of defendant's case to prove that alleged fraudulent misrepresentations were made in connection therewith, when the application is not made part of the policy or attached thereto, not decided.

Argued Oct. 11, 1916. Appeal, No. 13, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 1455, on verdict for plaintiff in case of Harry T. Feinberg v. New York Life Insurance Company, a Corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on two life insurance policies. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,800 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v., and instructions to the jury.

*Allen T. C. Gordon,* with him *James H. McIntosh* and *Gordon & Smith,* for appellant.—The statements made by the insured were representations not warranties: March v. Metropolitan Life Ins. Co., 186 Pa. 629.

The fact that the applicant could not read English and merely signed the application in Hebrew characters is not material: Greenfield's Estate, 14 Pa. 489; Meyer-Bruns v. Penna. Mut. Life Ins. Co., 189 Pa. 579; March v. Metropolitan Life Ins. Co., 186 Pa. 629.

The statements in the application were false: Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527; March v. Metropolitan Life Ins. Co., 186 Pa. 629.

The statements in the application were known by defendant to be false: Murphy v. Prudential Ins. Co. of America, 205 Pa. 444: Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527; Mengel v. Northwestern Mut. Life Ins. Co., 176 Pa. 280.

The company promptly rescinded the contract on ascertaining the truth: Schley v. Susquehanna & New York R. R. Co., 227 Pa. 494.

*Rody P. Marshall,* with him *Thomas M. Marshall* and *J. Harvey Scott,* for appellee.—The application was not admissible in evidence because it was not attached to the policy: Muhlenberg v. Mutual Fire Ins. Co. of Sinking Springs, 211 Pa. 432; Fidelity Title & Trust Co. v. Illinois Life Ins. Co., 213 Pa. 415; Hebb et al. v. Kittaning Insurance Co., 138 Pa. 174; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; New Era Life Assn. v. Musser, 120 Pa. 384; Norristown Title Co. v. Hancock Ins. Co., 132 Pa. 385; Morris v. State Mutual Life Assur. Co. of Worcester, Mass., 183 Pa. 563; Lenox v. Greenwich Insurance Co. of N. Y., 165 Pa. 575; Susquehanna Mutual Fire Ins. Co. v. Oberholzer, 172 Pa. 223; Custer v. Fidelity Mutual Aid Association, 211 Pa. 257; Schoenberg v. Provident Benefit Assn., 37 Pa. Superior Ct. 468; Connell v. Metropolitan Life Ins. Co., 16 Superior Ct. 520.

The fact that the application was signed by the deceased in Hebrew characters and that he was unable to read or write English overcomes the presumption that he read and understood the application which he signed: Suravitz v. Prudential Ins. Co., 244 Pa. 582.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

Plaintiff as beneficiary sues to recover the proceeds of two life insurance policies issued by defendant company to plaintiff's father, Barnett Feinberg, pursuant to application made seven months previous to the latter's death, which occurred December 13, 1911. The application for the two policies was signed in blank by Feinberg in the presence of defendant's agent, who took pencil memoranda of the answers to the questions and subsequently in his office filled out the signed blank. The medical examiner's report containing a list of questions relating to the occupation, habits and health of the insured, was made out by defendant's examiner, who inserted the answers made by applicant to the various questions. This report was signed in Hebrew by applicant in the presence of the examiner. The application and report contain certain statements by the applicant to the effect that he had not theretofore been rejected by a company to which he applied for insurance, and that he had not suffered from either of the various diseases specified, or from any diseases not specified, and that he had not consulted nor been under the care of a physician within five years previous to the date of the application. The policies were issued, and defendant, after the death of the insured, refused payment, alleging that several of the answers in the application and physician's report, were false, and gave notice of its determination to rescind the policy. Upon defendant refusing to pay, plaintiff brought this action to recover the aggregate amount of the two policies and defendant in defense alleged the policies were void from the beginning because of fraudulent representations made by deceased. The trial judge

submitted to the jury whether the answers to questions in the application were in fact made by the insured as written by the representatives of defendant company and whether they were knowingly false and fraudulent, and if defendant relied upon the truth of such statements and promptly rescinded the contract on discovering them to be untrue. The jury returned a verdict for plaintiff and defendant appealed assigning as error the submission to the jury of the various questions above stated, refusal of the court to give binding instructions for defendant and subsequently declining to enter judgment non obstante veredicto.

Each policy by its provisions "constitutes the entire contract between the parties" and omits reference to the application or the representations made therein.   The sole reason for refusing payment is the alleged fraudulent representations, by which defendant was induced to issue the policy.   In setting up this defense the burden of proving fraud was of course on defendant and to meet this burden it offered in evidence the application for insurance and examiner's report and followed that evidence by the testimony of witnesses to the effect that the answers to certain questions contained therein were not in accordance with the facts.   Having done this by uncontradicted testimony defendant contends its request for binding instructions should have been affirmed.

The weak link in defendant's chain of proof for this purpose is found in the fact of applicant's inability to either read or write the English language, and that his answers to questions were written in the application and medical examiner's report by representatives of defendant—the examining physician in the case of the medical report and the agent in the case of the application.   In neither case does it appear that the answers inserted in the blank forms were read over to the applicant and with respect to the application the uncontradicted testimony is that the paper was signed in blank by applicant and filled in the following day at the agent's

office from memoranda made by him.   Neither was the application and examiner's report made a part of the policy so as to afford an opportunity to the insured to have them read to him at his leisure.   Under these circumstances, whether the answers of the applicant were correctly transcribed by defendant's representative, was without doubt a question for the jury.   This case is within the rule stated in Suravitz v. Prudential Ins. Co., 244 Pa. 582, where the applicant was a foreigner and there was no evidence that she either did or could read the policy or the application.   In that case this court said (page 590) : "In such a case a greater burden rests upon the insurer to deal fairly with the insured.   This is especially true as to the acts of the agent in soliciting the insurance and writing down the answers."   In so far as the statements concerning the health of deceased at the time are concerned, it should be borne in mind they were corroborated by the testimony of the examining physician who stated he found no evidence of disease. If the applicant were suffering from a disease of such latent character that its presence was not discovered by an expert, how can the former be accused of fraud in not having discovered and disclosed the fact of its existence?   The trial judge gave defendant company the benefit of every legal inference to which it was entitled in submitting the case to the jury with instructions that if the applicant made the statements set forth in his answers, knowing they were false and that the policies were issued in reliance upon them and defendant promptly rescinded the contract on ascertaining the truth there could be no recovery, but if the applicant was without knowledge of the existence of the disease from which he was suffering, and answered the questions in good faith, his answers were not fraudulent, even though not in accordance with the facts : Suravitz v. Prudential Ins. Co., supra.

The alleged false statements concerning the application of deceased for insurance in other companies, are

not only subject to the inquiry whether the answers were responsive to questions he fully understood, and whether they were correctly inserted by defendant's agent, but whether they were material to the risk. Although true that the application contained a clause to the effect that the agent is without authority "to waive any of the company's rights or requirements," the application is not made part of the policy and there is nothing to show that the answers were intended as warranties and not mere representations. Under the Act of June 23, 1885, P. L. 134, an express warranty of the truth of statements is not sufficient to declare a forfeiture if the untrue statements are made in good faith and are not material to the risk. In Suravitz v. Prudential Ins. Co., supra, the distinction between representations and warranties, as applied to applications to life insurance, is fully considered. There the application was attached to and made part of the policy, the parties however inserted a clause requiring the statements contained therein to be deemed representations and not warranties. This court there said (page 585): "It is argued that the only difference between a warranty and a representation is that under the former the materiality of the answer is not a defense, while under the latter it may be. This general distinction is recognized in all jurisdictions, and learned writers on the subject frequently advert to it, but we are not prepared to say, even in the light of the authorities, that this is the only distinction which can be properly made. If under a representation the materiality or immateriality of the answer may be inquired into, in a suit upon the policy, it is difficult to see why other pertinent questions may not be raised, when it appears a mistake was made in recording the answer, or that fraud was practiced upon the applicant, or that the agent who solicited the insurance misinformed or misled the insured. Upon what line of correct reasoning, or by what fair rule of interpreting the covenants of contracting parties, can it be said that the materiality of an answer

may be the subject of inquiry in a suit upon an insurance policy, but that no such inquiry can be made as to whether the answer itself was properly written down by the agent, or that a mistake was made in the preparation of the application which formed the basis of the contract?"

In the present case deceased did not see the application after signing the blank form, and did not read nor have read to him the contents of the examiner's report. Neither was the application made part of the policy. Under all the circumstances, we conclude the case was a proper one for the jury.

Annexed to the affidavit of defense is a copy of the application which was a necessary part of defendant's case as the alleged fraudulent representations were made in connection therewith.   A rule for judgment for want of a sufficient affidavit of defense was taken for the reason that the application, not having been attached to the policy, is incompetent evidence under the provisions of the Act of May 11, 1881, P. L. 20, requiring all life and fire insurance policies containing a reference to the application of the insured or the by-laws of the company as forming a part of the policy or contract, to have attached to them correct copies of such application and by-laws, otherwise they shall not be considered a part of the policy.   The rule was discharged, and at the trial of the case plaintiff's objection to the application, when offered in evidence by defendant, was overruled.   The question raised by this ruling is an interesting one; as the verdict was however in favor of plaintiff, notwithstanding the admission of the evidence, and the appeal is by defendant, the question is not before us, and, in view of the conclusion reached as to the merits of the appeal, expression of an opinion thereon is deemed unnecessary.

The judgment is affirmed.