Campdon *v.* Continental Assurance Co., Appellant.

254

Argued October 5, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Russell R. Yost,* of *Graham, Yost & Meyers,* for appellant.—The application of May 8th contained material misrepresentations made by insured.

Application of July 12th contained material misrepresentations made by insured: M'Lanahan v. Ins. Co., 1 Peters 170.

Plaintiff's proofs rebutting misrepresentations constituted attempt to vary written instrument.

Plaintiff's attempt to bring himself within the principles of the Suravitz Case is ineffectual: Suravitz v. Ins. Co., 261 Pa. 390; United Brethren Mut. Aid Soc. v. Kinter, 12 W. N. C. 76.

*Ray Patton Smith,* for appellee.—Appeal is based on disputed questions of fact which the jury found against appellant.

The applicant for insurance was of foreign birth and could neither read, write nor understand the English language, except the latter to a very limited extent.

Even if asked, and even if answered as stated in the application, which is denied, there is no misrepresentation: Baer v. Ins. Co., 256 Pa. 177, 179.

Plaintiff was not misled by answers of applicant: Evans v. Ins. Co., 294 Pa. 406.

Appellee's position is amply supported by the following authorities: Suravitz v. Ins. Co., 244 Pa. 582; Kuhns v. Ins. Co., 297 Pa. 418.

The question of good faith is always for the jury: Livingood v. Ins. Co., 287 Pa. 128.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1931:

This appeal is from a judgment entered on a verdict for plaintiff, in an action on one of defendant's life insurance policies. As none of the assignments of error can be sustained, the judgment must be affirmed.

The first assignment avers that the court below erred in overruling defendant's motion "for a new trial and for judgment n. o. v.," because the verdict was against

the law, the evidence and the weight of the evidence, and because there was error in refusing defendant's first and second points for charge, neither being quoted in the assignment, which is, therefore, of no validity, since it directly contravenes our Rule 24. Moreover, it will be observed that the motion asks two things, "for a new trial *and* for judgment n. o. v." These are mutually exclusive, and, in the same case and between the same parties, can never both be granted at the same time: March v. Phila. & West Chester Traction Co., 285 Pa. 413; Pawlowski v. Sczehowicz, 293 Pa. 548. If we treated the assignment as if it related only to the refusal to enter judgment non obstante veredicto, as defendant seeks to have us do,—but which of course, we cannot, since it asks us to reverse the court below for refusing to do what we said, in the cases last cited, it should not do,—defendant would be met by the further fact that such a judgment can never be entered for the losing party, simply "because the verdict was against the weight of the evidence," that being a matter for the jury; and because also the reasons cover, in addition, two alleged errors,—the separate refusal of each of defendant's points,—which, though both ask for binding instructions, nevertheless, when joined together in one assignment, causes it to violate our Rule 22, requiring that "Each error relied on must be specified particularly and by itself [and must not] refer to more than one bill of exceptions": York Mfg. Co. v. Chelten Mfg. Co., 278 Pa. 351, 357; Orth v. Consumers Gas Co., 280 Pa. 118; Wagner-Taylor Co. v. Spinelli, 295 Pa. 455.

The second assignment of error, which is to the refusal of the trial judge to rule that "the verdict must be for the defendant," raises the only arguable point in the case, but it will not bear inspection and analysis. Defendant's sole contention was that the insured made certain false answers in her application. The policy stipulates that "All statements made by the insured shall, in the absence of fraud, be deemed representa-

tions and not warranties." Under such circumstances, we said in Kuhns v. New York Life Ins. Co., 297 Pa. 418, 423: "The burden of proving the falsity of the answer, and that it was deliberately given, is on the defendant, who asserts it [citing cases]. Unless this situation is made apparent by undisputed proof, documentary or oral, the question is one for the jury, and is not to be declared as a matter of law by the court." This has been said many times: Skruch v. Metropolitan Life Ins. Co., 288 Pa. 299, 302-3, and cases there cited.

The insured here was a foreigner, who could speak only the simplest English words, and could not read or write the language at all. Under such circumstances, we said, as epitomized in one of the syllabi of Suravitz v. Prudential Ins. Co., 244 Pa. 582: "Where an applicant for insurance is a foreigner who does not understand the English language, and cannot read the policy or the application, a greater burden rests on the insurer to deal fairly with the insured, particularly as to the acts of the agent in soliciting the insurance and writing down the answers." This was quoted with approval in Feinberg v. New York Life Ins. Co., 256 Pa. 61, 66. Here there was evidence that defendant's medical examiner, who questioned the insured, asked her but two questions: 1. "Do you feel well?" to which she answered "All right,"—as the evidence shows she was at that time; and, by the aid of an interpreter: 2. Have you had "any other doctor since the first policy," to which she answered she had had two, and named them. These are not the questions alleged to have been falsely answered. There was ample evidence from which the jury could have found, and probably did find, that defendant's medical examiner, who had had a previous experience of the difficulty in making the insured understand the questions he asked her, had filled out the application from those two answers, and from what she had told him some nine and a half months previously, when he took down the answers required in the application for

an earlier insurance. And it is no small matter that the two agents, who sought and obtained the insurance and were present when the application was filled out, testified in accordance with the story told by plaintiff's other witnesses, and that defendant's medical examiner, who still occupied that position, though he was present in court and heard the testimony above referred to, did not go upon the witness stand to contradict it. A careful study of the entire evidence satisfies us that the trial judge would have committed grave error if he had ruled, as a matter of law, that the insured had "deliberately given" false answers to the questions in the application, and this conclusion necessarily overrules the assignment now under consideration.

The third assignment alleges error in entering judgment on the verdict, and, of course, falls, when it appears, as by this opinion it does, that all the other assignments are of no validity: Com. v. Hudson, 269 Pa. 176; Com. v. Greevy, 271 Pa. 95.

The fourth assignment alleges error in ruling that "The burden of proof [of showing that the insured was guilty of 'fraud in procuring the insurance'] requires the defendant to establish the alleged fraud by a preponderance of evidence which is clear and satisfactory." This is the rule in all cases where an alleged fraud is interposed to an otherwise admittedly valid claim, and is specifically stated to apply in suits on insurance policies, especially where the insured was a foreigner ignorant of our language: Livingood v. New York Life Ins. Co., 287 Pa. 128; Kuhns v. same, supra; Suravitz v. Prudential Ins. Co., 261 Pa. 390, 400-1. Of course, if plaintiff had admitted that the questions in the application had been propounded to the insured, but averred that defendant's agent had fraudulently written down different answers than those she gave, the burden of proving this would have been on the plaintiff who asserted it (Suravitz v. Prudential Ins. Co., 261 Pa. 390,

400) ; but that is not the fraud referred to in the point now under consideration.

The fifth assignment is covered by what we have said regarding the fourth. It alleges error in saying that "the burden [was] on the defendant to satisfy you [of the validity of its defense of fraud] by the weight of the evidence."

The sixth and last assignment is covered by what we have said regarding the first. It avers error in dismissing defendant's motion "for a new trial and judgment n. o. v.," so far as a new trial is concerned, because of alleged errors in the answers to seventeen distinct points for charge, all of which are referred to in the motion, but none is quoted in the assignment. This is a fatal joinder of distinct matters: Com. v. Martin, 302 Pa. 118.

The judgment of the court below is affirmed.