# Kzyszton *v.* John Hancock Mutual Life Insurance Co., Appellant.

Argued October 14, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Dale C. Jennings,* for appellant.

*C. W. Sypniewski,* with him *William L. Jacob,* for appellee.

OPINION BY MR. JUSTICE DREW, November 25, 1935:

In this action of assumpsit plaintiff, as beneficiary of a policy of life insurance issued by defendant upon the life of her husband, seeks to recover the principal sum

provided by the terms of the policy. The jury returned a verdict for plaintiff, and from the overruling of defendant's motions for a new trial and for judgment n. o. v. the present appeal was taken.

The evidence is replete with contradictions and inconsistencies. The facts essential to a disposition of the case, however, are not disputed. Application for the policy was made by insured on October 4, 1928. The examination was had on October 31, 1928. In response to a question of the medical examiner, insured denied that he "had any medical advice during the past five years." The fact is that the applicant had been visited by a doctor in the previous July. At that time he was in a very serious condition. The doctor testified that he had a chronic heart inflammation and an enlarged liver. He further testified that "he couldn't get around" and that he "didn't think he would get out of bed because [of] the condition [his] heart was in." It is also admitted that the applicant had been examined by another doctor early in October. This doctor testified that "he had a chest full of trouble," that he had a "heart and lung condition" and that his lungs were "full of mucus" and "rattles of all descriptions."

Payment is resisted upon the ground that insured made false and fraudulent answers in his application for the insurance. That this contention must be sustained is self-evident. It is true that the policy provided that "all statements made by the insured or on his behalf shall, in the absence of fraud, be deemed representations and not warranties." It is also true that our recent cases have made it very clear that, where the policy contains such a clause, the insurer, to avoid the policy, must prove fraud on the part of the insured in the making of the statements: Livingood v. N. Y. Life Ins. Co., 287 Pa. 128; Kuhns v. N. Y. Life Ins. Co., 297 Pa. 418; Lilly v. Metropolitan Life Ins. Co., 318 Pa. 248; Stein v. N. Y. Life Ins. Co., 319 Pa. 225. This is undoubtedly the law, but it is of no avail to plaintiff. The plain fact is that

insured was guilty of fraudulent misrepresentation and deception with respect to facts material to the risk. It is not even contended that the answer was improperly recorded by the insurer's representative. Rather is it admitted by plaintiff that she herself had summoned the doctors. Nor did the children deny their father's illness. To circumvent the overwhelming effect of this evidence plaintiff vaguely suggests that defendant is estopped to insist upon the variance. There is no semblance of merit in this contention. There is absolutely no evidence that defendant or any of its representatives ever knew of insured's prior medical history. The defendant never manifested any indifference with respect to these essential facts. On the contrary, it accepted the applicant's negative answer at its face value. This it was entitled to do. That answer was false and there can be no doubt that the insured knew it was false. It inevitably follows that plaintiff is barred by the fraud of her husband. It is unnecessary to prolong our inquiry further.

The record discloses many other circumstances strengthening the conclusion already reached. All of the elements of this case indicate clearly that the fraud was deliberate. It was conclusively demonstrated. The evidence is of such a character as to remove all doubt.

The judgment of the court below is reversed and judgment is herein entered for defendant.