Soltaniuk, Exr., Appellant, *v.* Metropolitan Life Insurance Company.

140

Argued October 4, 1937; reargued October 13, 1938.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and RHODES, J. J.

*Joseph Blank,* for appellant.

*Owen B. Rhoads,* with him *Dechert, Smith & Clark* and *Harry Cole Bates,* for appellee.

OPINION BY KELLER, P. J., March 4, 1938:

Only one real question is presented by this appeal, viz., should the trial judge, at the conclusion of the case, have affirmed the defendant's point requesting binding instructions for the plaintiff in the amount of $42.71, the admitted liability? If it should, then this court, under the Act of April 22, 1905, P. L. 286, is specifically directed to do what the lower court should have done. See *Horsfield v. Metropolitan Life Ins. Co.,* 124 Pa. Superior Ct. 458, 468, 189 A. 892. If not, in view of the lower court's declaration that if the defendant had not moved for judgment non obstante veredicto, a new trial would have been granted because the verdict of the jury was against the weight of the evidence, we would not enter judgment on the verdict, but would order a new trial. Our review of the case leads us to the conclusion that judgment should be entered for the plaintiff in the amount of $42.71, with interest from the date of the verdict.

We are satisfied that the decisions, so admirably collated by Mr. Justice DREW in *Evans v. Penn Mutual Life Ins. Co.,* 322 Pa. 547, 186 A. 133, would have required the submission of the case to the jury as respects

the sound health of the applicant and his excessive use of alcoholic liquors, if those had been the only matters of defense. But the 19th question in the medical examination of the applicant and his answer to it are on a different footing. To the question, "Have you had any treatment within the last five years at any dispensary, hospital or sanatorium? If yes, give date, duration, name of ailment and name of institution," his answer was, "No". It was proved by the uncontradicted records of the Lankenau Hospital that on April 22, 1933 the insured had been admitted to that hospital suffering from chronic alcoholism and delirium tremens and had remained there until April 29, 1933, when he had been discharged as 'improved'. As the medical examination which formed part of the application for insurance had been filled out by the physician and signed by the applicant on June 12, 1935, and the question related to a matter material to the risk, and the falsity of the answer appeared from competent and uncontradicted documentary evidence, to wit, hospital records, this would require a directed verdict for the insurer unless the plaintiff produced sufficient competent evidence attacking the truthfulness and correctness of the physician's recording of the applicant's answer. The effect of the answer cannot be destroyed by suggestions that the applicant may not have remembered the occasion. He was bound to remember it. It was within his knowledge, it occurred less than two years before and his answer was definite and unequivocal.

The testimony produced by appellant to take the case out of the rule as established in *Evans v. Penn Mutual Life Ins. Co.,* supra, was given by the plaintiff, himself, who said that while the medical examination was taking place he was passing in and out of the room, going back and forth to the kitchen and the bar, [of the tap room he and the applicant were conducting as partners] "and this and that", and that he heard the

doctor ask some questions and heard applicant say "I was in the hospital a couple of years ago" and that he thinks he asked him what hospital, "and the applicant said 'Yes' near to me, because he used to live down there, it was near to him, in the Lankenau Hospital." He was not a witness to the examination. His testimony does not clearly relate to the 19th question and answer. It does not refer to *treatment* in a hospital. It was not clear, precise and definite as the evidence relied on in *Suravitz v. Prudential Ins. Co.,* 244 Pa. 582, 91 A. 495, *Feinberg v. New York Life Ins. Co.,* 256 Pa. 61, 100 A. 538, *Stein v. New York Life Ins. Co.,* 319 Pa. 225, 179 A. 589, affirming 116 Pa. Superior Ct. 109, 176 A. 538. As the purpose of the evidence was to establish that the defendant's agent had written down a different answer than the insured had given, the burden of proving this was on the plaintiff *(Suravitz v. Prudential Ins. Co.,* 261 Pa. 390, p. 400, 104 A. 754; *Campdon v. Continental Assurance Co.,* 305 Pa. 253, 258, 157 A. 464), and the testimony offered was wholly insufficient for that purpose. The reasonable and salutary provisions of a life insurance contract, with respect to the medical examination which forms a part of the application, cannot be allowed to be nullified on such vague, unsubstantial and indefinite testimony as the plaintiff produced. It was not of a character to require the defendant to rebut it by calling the physician, and thus submit it as a question of fact to the jury.

Most of the assignments of error relating to alleged errors in the admission of evidence and in the charge of the court are not material on this appeal because the verdict of the jury was in favor of the plaintiff. They might have been material if the verdict had been for the defendant. The evidence of the physicians and the hospital records offered by the defendant were not inadmissible under the Act of June 7, 1907, P. L. 462,— which prohibits *physicians and surgeons* from testifying

in civil cases to *communications* made to them by their patients, which tend to blacken the character of the patient—, as interpreted by the Supreme Court in *Phillips' Estate,* 295 Pa. 349, 145 A. 437. The Act is restricted to *'communications'* made by the patient to the physician which tend 'to blacken his character', not to information obtained by the physician by his personal examination. The evidence objected to did not fall within the purview of the Act. It was either not a 'communication' made by the patient to the physician or it did not tend to 'blacken' the patient's character. The evidence in order to be excluded must be both.

The judgment in favor of the defendant is reversed and judgment is entered in favor of the plaintiff for $42.71, with interest from February 10, 1937.

––––––––––––

SUPPLEMENTAL OPINION BY KELLER, P. J., November 18, 1938:

Following the filing of an opinion in this case on March 4, 1938, in which we reversed the judgment of the court below and entered judgment in favor of the plaintiff for $42.71, with interest from February 10, 1937, we granted a re-argument "to be limited to the point which appellant avers was not fully argued by him, to wit, whether there was clear, precise and definite evidence that the answer to the 19th question in the medical examination was wrongly entered by the doctor who examined the applicant for insurance."

The re-argument so ordered has been had, and we are still of opinion that the evidence presented by the appellant to show that the defendant's agent, the doctor, incorrectly or fraudulently filled in the answer to the 19th question in the medical examination, wholly failed to sustain the burden resting upon him, to produce evidence not only preponderating, but of a kind, character

and quality which is not overstated by the phrase "clear and satisfactory evidence," as laid down in *Suravitz v. Prudential Ins. Co.*, 261 Pa. 390, 398, 104 A. 754. The appellant did not claim that the questions in the application had not been propounded to the insured. He admitted, in effect, that they had, but attempted to show that the doctor had written down different answers from those given by the applicant. The burden of proving this was, therefore, on the plaintiff: *Campdon v. Continental Assurance Corp.*, 305 Pa. 253, 258, 157 A. 464.

It is not necessary, in this opinion, to refer again or at more length to the vague and indefinite testimony of the plaintiff which is relied on to establish that the answer written by the doctor to the 19th question was not that given by the applicant. We have read and re-read the testimony carefully and are satisfied that it does not meet the requirement of 'clear and satisfactory evidence.' As we said in our former opinion: "It was not of a character to require the defendant to rebut it by calling the physician, and thus submit it as a question of fact to the jury." Its unsatisfactory and unsubstantial nature is further evident from the plaintiff's answer to the following question asked by the court:

"Q. Do you remember the doctor asking him specific questions? Were you sitting down with the man, or with the doctor, when the doctor was asking him question after question, or were you tending to your business?

"A. No, I was just a little bit with the doctor, I wasn't all the time with the doctor, I tended to the business and listened to him, and the doctor asked me, and I say 'Yes.' You know, just help out."

The judgment in favor of the defendant is reversed and judgment is entered in favor of the plaintiff for $42.71, with interest from February 10, 1937.