## Magee v. The National Life and Accident Insurance Company

*Albert E. Acker*, for plaintiff.

*William C. Kuhn*, for defendant.

McKAY, J., December 10, 1962.—This case is before the court upon a motion by defendant for judgment on the pleadings. The action is in assumpsit to recover upon a life insurance policy. The defense advanced is that the deceased knowingly made false answers to questions set forth in the application attached to the policy which, it claims, avoids the policy.

The facts set forth in the pleadings which are admitted for the purpose of disposing of the motion for judgment are as follows:

On February 7, 1962, Roger D. Magee, hereinafter referred to as the insured, signed an application to defendant company for insurance upon his life in the amount of $2,000. The policy was issued February 12, 1962. The beneficiary named in the policy was Effie Magee, the mother of the applicant. The insured died February 23, 1962, as the result of injuries sustained in an automobile accident. Thereafter plaintiff beneficiary furnished proof of his death to defendant and demanded payment of the face amount of the policy. Defendant refused to pay more than the amount of the premiums paid by the insured during his lifetime, which it offered to refund to his estate.

The reason assigned by defendant for its refusal to pay was that the insured allegedly had made false and fraudulent statements in the application which was attached to the policy in that he answered "no" to each of the following three questions:

"Q. Has proposed insured consulted or been treated by a doctor or other practitioner or at a dispensary or clinic within past five years?

"Q. Has proposed insured had any injury, illness or operation within past five years?

"Q. Has proposed insured ever been confined to a hospital or santiarium for any reason?"

In fact, as set forth in new matter filed with the answer, the insured was admitted to the Shenango Valley Osteopathic Hospital on September 1, 1961, with diagnosis "coronary insufficiency due to unknown cause (myocardian ischemia); epilepsy," and discharged therefrom on September 13, 1961, and re-admitted to the hospital on October 26, 1961, with an illness diagnosed as a foreign body of the cecum and discharged therefrom following surgery on November 11, 1961.

The insured, as plaintiff's reply avers, informed defendant's agent at the time the application was made of the above illnesses and hospitalizations, answering questions 12, 13 and 14 of the application truthfully, but the written answers on the application as set down by the agent did not correctly reflect the answers given to the agent by the insured.

The policy was issued to the insured contingent upon and in reliance upon the truth and correctness of the answers as written in the application.

The application contained the following statement after the questions and answers referred to above and before the signature of the agent and the applicant, the agent signing as a witness:

"I hereby declare that all statements and all answers to the above questions . . . are complete and true, and I agree that, together with this declaration, they shall constitute an application for insurance. I agree (1) that no field representative of the Company has authority to waive the answer to any question in this

application, to modify this application, or to bind the Company in any way by making any promise or representation, or by giving or receiving any information; (2) that, except as otherwise provided in the Conditional Receipt bearing the same date as this application, no contract of insurance shall become effective unless and until a policy has been delivered to me during the lifetime and good health of the Proposed Insured and the full first premium paid on said policy."

Also on the application, and above the signature of the agent, the following was listed under remarks:

"I certify that I have asked the Applicant all of the questions in Part A (Also Part B, if applicable) and that the answers have been recorded as given by the Applicant. *The Application was signed in my presence and I* recommend the Proposed Insured for the insurance applied for."

Directly underneath the last statement and signature of the agent was a medical authorization signed by the insured.

It is now our duty to determine whether, assuming the above facts to be true, it is possible for plaintiff to recover or whether the pleadings show a complete defense to the action.

The general principles of law pertinent to cases of this kind are well established.

1. The Act of May 17, 1921, P.L. 682, art. VI, sec. 622, 40 PS §757, provides as follows:

"The falsity of any statement in the application for any policy covered by subdivision (b) of this article shall not bar the right to recovery thereunder, unless such false statement was made with actual intent to deceive, or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

Under that act, it has been held that false answers in an application that the insured has not had medical or

surgical attention within five years is material to the risk: Koppleman v. Commercial Casualty Ins. Co., 302 Pa. 106. One of the reasons that the failure to furnish information is regarded as material to the risk is that the information would have enabled the insured to protect itself by making further investigations: Boltz v. Metropolitan Life Insurance Company, 128 Pa. Superior Ct. 147; Bailey v. Pacific Mutual Life Insurance Company of California, 336 Pa. 62.

2. Where the application falsely states that the insured has not had medical treatment and has not been confined to a hospital within a recent period and, in fact, he was so treated and for such serious ailments that the answers must necessarily have been knowingly false, the plaintiff cannot recover: Loder v. Metropolitan Life Insurance Company, 128 Pa. Superior Ct. 155; Kzyszton v. John Hancock Mutual Life Insurance Co., 320 Pa. 65; Bailey v. Pacific Mutual Life Insurance Company of California, supra; Gimbel v. Aetna Life Insurance Co., 95 Pa. Superior Ct. 1; Panopoulos v. Metropolitan Life Insurance Company, 96 Pa. Superior Ct. 325; Kizirian v. United Benefit Life Insurance Company, 383 Pa. 515.

In all of the above cases it was held that the trial court had properly directed a verdict for the defendant or entered judgment in its favor notwithstanding the verdict. In another case, Reeder v. Metropolitan Life Insurance Company, 340 Pa. 504, under similar circumstances, judgment was entered on the pleadings as defendant has moved for in the instant case.

3. Where the prior hospital and medical treatment are so minor or otherwise such that it could be reasonably inferred that the answers were not necessarily knowingly false, i. e., the insured could have forgotten them, such questions as whether the applicant made untrue statements with the actual intent to deceive or whether the answers were incorrectly recorded by

the agent of the insurance company are questions of fact for the jury, unless the insured has expressly warranted otherwise in the application: Evans v. Penn Mutual Life Insurance Company of Philadelphia, 322 Pa. 547; Travellers Insurance Company v. Heppenstall Company, 360 Pa. 433; Burton v. Pacific Mutual Life Insurance Company, 368 Pa. 613; Indovina v. Metropolitan Life Insurance Company, 334 Pa. 167; Koppleman v. Commercial Casualty Insurance Company, supra; Matovich v. Mutual Benefit Health & Accident Assocation, 157 Pa. Superior Ct. 605; Brodich v. Metropolitan Life Insurance Company, 128 Pa. Superior Ct. 513.

The leading case in support of the above rule is that of Evans v. Penn Mutual Life Insurance Company of Philadelphia, supra. In that case, the court stated the rule and the qualification as follows at page 552:

"Whether true answers were made, and whether the answers as made were correctly written down by the agent of the insurance company, and the good faith of the party making the answers to the best of his knowledge and belief, are questions which go to the very essence of the insurance risk, and the parties should not be denied the right to have such matters determined before a proper tribunal *unless they have covenanted otherwise.*" (Italics supplied.)

The above rule is particularly applicable when the insured is a person of foreign extraction with a limited ability to understand the English language: Feinberg v. New York Life Insurance Company, 256 Pa. 61; Gancsos v. Reserve Life Insurance Company of Dallas, Texas, 194 Pa. Superior Ct. 247.

4. When, however, the application contains above the signature of the insured a declaration that the answers to the questions in the application are true and correctly recorded, or other words to that general effect, there can be no recovery: Walsh v. John Hancock

Mutual Life Insurance Company, 164 Pa. Superior Ct. 184; Matovich v. Mutual Benefit Health & Accident Association, supra; Derr v. Mutual Life Insurance Company of New York, 351 Pa. 554; Bradich v. Metropolitan Life Insurance Company, supra; Prevete v. Metropolitan Life Insurance Company, 343 Pa. 365.

In the Walsh case, the clause read:

" 'I certify that I am the person named as the proposed insured, and that the foregoing statements and answers which are made in Part B of this application, each of which I have made and read, and which with Part A of the application shall form the basis of the contract of insurance, are complete, true and correctly recorded.' "

In the Matovich case, the insured answered "yes" to the following questions contained in the application:

" 'Do you hereby apply to the Mutual Benefit Health and Accident Association for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions and do you agree that the Association is not bound by any statement made by or to any agent unless written herein? ' "

The policy also stated:

" 'The copy of the application attached hereto is made a part of this contract, and this policy is issued in consideration of the statements made by the insured in the application and the payment of a premium. . . . No agent has authority to change this policy or waive any of its provisions. . . .' "

In Derr v. Mutual Life Insurance Company of New York, supra, the insured signed the application beneath a statement that read:

" 'I certify that each and all of the foregoing statements and answers were read by me and are fully and correctly recorded by the Medical Examiner.' "

In the Bradich case, the application contained the following certificate, signed by the insured:

" 'I hereby certify that I have read the answers to the questions in Part A hereof and to the questions in Part B hereof, before signing, and that they have been correctly written, as given by me, and that they are full, true and complete, and that there are no exceptions to any of such answers other than as stated herein.' "

The certificate in the Prevete v. Metropolitan Life Insurance Company, supra, case read as follows:

" 'I hereby certify that I have read the answers to the questions in Part A hereof and . . . before signing, and that they have been correctly written, as given by me, and that they are full, true and complete, and that there are no exceptions to any such answers other than as stated herein.' "

It is our opinion that the instant case is ruled by the fourth of the above principles and the cases cited in support of it. The declaration which appears on the application above the insured's signature in the present case expressly declares that "all statements and all answers to the above questions . . . are complete and true." It also states that the insured agrees that "no field representative of the Company has authority to waive the answers to any question in the application, to modify the application, or to bind the Company in any way . . . by receiving any information."

In addition, there appears a certification signed by the agent prior to the signature of the insured stating that "the answers have been recorded as given by the applicant."

Under the above decisions of our appellate courts, the effect of these declarations of and the certification by the insured in the instant case is that the insured expressly warranted to defendant that his answers had been correctly recorded by the agent who took the application. Accordingly, as was held in the Prevete v. Metropolitan Life Insurance Company, supra, and Walsh v. John Hancock Mutual Life Insurance Com-

pany, supra, cases, "the necessary and inevitable conclusion is that insured did not act in good faith when he signed the application."

The instant case is particularly analogous to the Prevete case in which the certification was that the insured had read the answers to the questions asked before signing the application, that they had been correctly written as given by him and that they were full, true and complete. In that case, plaintiff admitted that the answers given by the insured as set forth in the application were untrue, but denied that any misrepresentation had been made to defendant company's medical examiner who put down the answers. Even though the insured was of foreign extraction and could not read, the Supreme Court reversed a judgment for plaintiff, using language that is pertinent to the case at bar. At pages 368 and 369, it said:

"In the present controversy, plaintiff admits that the answers in the application are false. Then, in view of insured's unqualified certification that he had read these false answers before signing the application, that they were correctly written as given by him, and that they were true and complete, how can it be said that he did not know the answers were false and did not deliberately intend to deceive the company? In such a situation the necessary and inevitable conclusion is that the insured did not act in good faith when he signed the application, and the policy should have been avoided without the intervention of a jury. His beneficiary should not have been heard to say that insured gave other answers than those set forth in the application. To permit such a thing would be to open wide the door to fraud."

If it be contended that in the present case the agent himself committed a fraud upon defendant by incorrectly recording the insured's answers, this contention is answered by the fact that the insured had notice of the fraud when he signed the application, for the false

86

answers were then on it, together with the certification of the agent that they had been recorded as given by the applicant.

The Restatement of Agency, § 271, states:

"A notification by or to a third person to or by an agent is not prevented from being notice to or by the principal because of the fact that the agent, when receiving or giving the notification, is acting adversely to the principal, *except where the third person has notice of the agent's adverse purposes.*" (Italics supplied.)

Accordingly, defendant's motion for judgment on the pleadings must be granted.

### Order

Now, December 10, 1962, the motion of defendant for judgment in its favor on the pleadings is granted, and upon defendant's refunding the premiums received by it on the policy sued upon to the persons entitled thereto, the prothonotary is directed to enter judgment for defendant.