## Peart, Appellant, *v.* Brice.

*Deeds—Parol evidence to explain description.*

A deed with a description which lacks the certainty necessary to locate the land is void, and cannot be supplemented by parol evidence as to what tract was intended. But parol evidence to apply a written description to land is admissible for that purpose.

A deed conveyed a tract of land described by metes and bounds, and called for " other land " of the grantor as an adjoiner on the east, " together with the right of mining and removing all the mineral that may be reached under said grantor's land from the land above described, and hereby conveyed." *Held*, that the description was sufficiently certain to indicate the mineral in the grantor's land east of the tract conveyed, and that parol evidence was admissible to locate it.

Argued Nov. 7, 1892. Appeal, No. 214, Oct. T., 1892, by plaintiff, Samuel M. Peart, from judgment of C. P. Armstrong Co., June T., 1892, No. 271, for defendant, Peter P. Brice, on case-stated. Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

From the case-stated it appeared that on Sept. 29, 1856, Peter P. Brice and wife conveyed to Wm. McCutcheon certain land, described by metes and bounds, " And containing 48 acres and 157 perches of land more or less together with the right of mining and removing all the mineral that may be

reached under said Brice's land from the land above described
and hereby conveyed except that said Brice reserves the right
to mine and remove what stone coal may be necessary for the
use of his houses on the farm he now occupies together with all
and singular," etc.

On July 11, 1885, Peter P. Brice by articles of agreement
contracted to sell to Samuel M. Peart a tract of land bounded
and described in the agreement as follows: "Southwest and
southeast by lands of Sloan Cochran and north and northeast
by Peter P. Brice, grantor, and running back into farm of
Peter P. Brice, sufficient with a line parallel to the line on the
west to take in twenty acres of land after deducting all land
occupied by roads."

It was claimed by plaintiff that defendant could not make
title, the land being included in the conveyance to McCutcheon
in 1856.

It was agreed in the case-stated that it could be proven by
parol testimony that the "farm owned and occupied by Peter
P. Brice is the same land that in the deed of September 29,
1856, is given as 'other lands of Peter P. Brice.' That the
twenty acres sold to Samuel M. Peart by Peter P. Brice by
article of July 11, 1885, is a part of said farm and lies back
from the line of the forty-eight acres on the hillside about
eight rods. That said land of Peter P. Brice, including the
said twenty acres, is underlaid with valuable minerals, to wit:
coal, iron ore, etc. That by opening a mine on the forty-eight
acres on the hillside, conveyed by deed of 29th of September,
1856, the mine can readily be extended into the hill under the
said twenty acres sold to S. M. Peart, and all the minerals under
der said twenty acres mined and removed. That while the
aforesaid deeds and articles of agreement were recorded in the
records of Armstrong county prior to the 11th day of July,
1885, yet at the time of the entering into said article of agree-
ment Samuel M. Peart had no knowledge of the sale or agree-
ment to sell the minerals under said twenty acres of land, and
at the time of signing said article of agreement of July 11,
1885, Peter P. Brice declared to Samuel M. Peart that he
owned the materials under said land. That the sketch or draft
of said lands hereto attached is approximately correct and
shows the relative location."

The court, in an opinion by WICKHAM, P. J., of the 36th

judicial district specially presiding, (1 Dist. R. 713,) entered judgment for defendant on the case-stated.

*Error assigned* was, inter alia, entry of judgment as above, quoting decree.

*W. L. Peart*, for appellant, cited Penna. Salt Mfg. Co. v. Neel, 54 Pa. 9; Caldwell v. Fulton, 31 Pa. 475; Smith's Ap., 69 Pa. 474; Ross v. Baker, 72 Pa. 186; Herdic's Ap., 58 Pa. 211; Baker v. McDowell, 3 W. & S. 358; Mellon v. Davison, 123 Pa. 298; Hammer v. McEldowney, 46 Pa. 334; Ferguson v. Staves, 33 Pa. 411.

*W. D. Patton*, for appellee, cited Mellon v. Davison, 123 Pa. 298; Hammer v. McEldowney, 46 Pa. 334; Soles v. Hickman, 20 Pa. 180; Burns v. McCabe, 72 Pa. 313; Troup v. Troup, 87 Pa. 151; Banks v. Ammon, 27 Pa. 172; Dickinson v. Beyer, 87 Pa. 282; Ferguson v. Staves, 33 Pa. 411.

OPINION BY MR. JUSTICE HEYDRICK, January 3, 1893:

Peter P. Brice, the defendant, by deed dated the 29th September, 1856, and duly recorded, sold and conveyed to one William McCutcheon a tract of land described by metes and bounds, and calling for " other land of P. P. Brice " as an adjoiner on the east, " together with the right of mining and removing all the mineral that may be reached under said Brice's land from the land above described, and hereby (thereby) conveyed; " and the questions now to be determined are whether the mineral, the right to mine which is granted or attempted to be granted, is described with sufficient certainty to render the grant effectual, and, if so, whether it is within a certain other tract, sufficiently described, which the defendant has since contracted to sell to the plaintiff.

A contract for the sale of land in which the description lacks the certainty necessary to locate it, is, without doubt, void. Neither words which do not describe, nor descriptive language, which is equally applicable to any one of several tracts of land, can be supplemented by parol evidence as to what tract was intended. But parol evidence to describe the land intended to be sold is one thing, and parol evidence to apply a written description to land is another and very different thing, and for that purpose is admissible: Ferguson v. Staver, 33 Pa. 411; Smith and Fleek's Appeal, 69 Pa. 474.

There are two elements of description in the present case

which define the subject of the grant with certainty. The mineral granted is located by the terms of the deed in the land of Peter P. Brice, and includes all the mineral in his land, whether one tract or many, that can be reached from the land conveyed to McCutcheon by the ordinary processes of mining. This is the evident meaning of the grant. It is to " be reached *under* said Brice's land *from* the land above described and hereby granted; " and this excludes every other manner of reaching it. It follows that it must be in the land of Brice adjoining the land conveyed to McCutcheon, and that identifies it with certainty as being the mineral in the " other land of P. P. Brice " previously mentioned. This is the exact equivalent of saying that it is the mineral in the land of P. P. Brice adjoining land conveyed by him to McCutcheon on the east, and is sufficiently certain; *id certum est quod certum reddi potest.* The extent and boundaries of the land may be rendered certain by reference to the title deeds, or by any of the other usual methods. The land in which the mineral is located being defined, the grant of the mineral is co-extensive with it, provided the entrance be from the other tract.

The land which the defendant contracted to sell to the plaintiff is conceded to be so described that it may be located with certainty, and it is said in substance in the case-stated that it can be proven by parol evidence that it is part of the " other land of P. P. Brice " called for as an adjoiner of the land conveyed to McCutcheon; that it is about eight rods distant from the line of the latter tract, and together with the residue of the said " other land " is underlaid with coal and iron ore, and that a mine opened upon the McCutcheon tract can be readily extended under it, and all the minerals mined and removed, if such evidence be admissible. As already pointed out, such evidence is admissible to apply the description written in the contract to the land. It follows, therefore, that the defendant cannot convey to the plaintiff in fee simple, clear of all encumbrances, the land which he agreed to so convey by his contract of July 11, 1885.

The judgment of the court below is reversed, and judgment is now entered in favor of the plaintiff and against the defendant upon the case-stated.

PER CURIAM, January 6, 1893.—Reargument refused.