# Wagner, Appellant, *v.* Somerset County Memorial Park, Inc.

Argued September 30, 1952. Before STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Leland W. Walker,* for appellant.

*Wilbert H. Beachy, Jr.,* for appellee.

OPINION BY MR. JUSTICE BELL, January 5, 1953:

Plaintiff on August 6, 1949, entered judgment on a demand judgment note of the defendant dated October 10, 1948; in the amount of $3600. The note was executed by the President of the defendant and by *its Secretary, A. C. Waterman,* with the corporate seal affixed thereto. On March 5, 1951, the defendant corporation through its trustees petitioned the Court of Common Pleas to open the judgment. The judgment was opened; an action of assumpsit was brought on the note and resulted in a compulsory nonsuit. The motion to take off the nonsuit was granted and the case was tried before a jury, which rendered a verdict in favor of the defendant corporation. Plaintiff's motion for a new trial and his motion for judgment non obstante veredicto were dismissed; plaintiff appealed from the judgment entered on the verdict but argues here only his motion for judgment n.o.v.

Plaintiff became Secretary of the defendant corporation in July 1944, and continued as such until September 10, 1947. Defendant owned and sold cemetery lots for profit. Plaintiff was in charge of outside work and was ignorant of the mechanical operation of the corporation. Occasionally he helped the bookkeeper make some entries in the corporate books. During the period in question H. L. Fisher was President, majority stockholder and actual head of defendant. The corporation was virtually a one-man corporation.

Plaintiff offered in evidence the above mentioned note of the corporation, executed by its President and Secretary, in the amount of $3600. and also defendant's "Cash Receipts and Disbursement Ledger" which defendant admitted showed that since 1944 plaintiff had advanced or loaned moneys to the defendant totaling $3560. Defendant further admitted that $3130. of these loans was immediately *deposited in the defendant's bank account;* and subsequently admitted that all payments made by Wagner *went into defendant's bank account.*

The Act of May 5, 1933, Art. III, Sec. 305, P. L. 364, 15 PS 2852-305, provides, (with certain qualifications not here relevant) that any note when signed by the President and Secretary of a corporation shall be held to have been properly executed for and in behalf of the corporation. It is clear, therefore, that plaintiff made out a very strong prima facie case.

Defendant in its pleadings based its defense solely upon fraud—alleging that plaintiff loaned the moneys represented by the note in suit to H. L. Fisher individually instead of to the defendant corporation, and consequently the execution and delivery of the judgment note of the defendant in payment of Fisher's individual debt was a fraud upon the corporation. Lack-

ing any direct evidence to substantiate its theory, the defendant went far afield and succeeded in beclouding the basic issue by a maze of evidence some of which was extraneous, some ambiguous and some confusing. Because of the resulting confusion, it would be well to keep in mind that the basic issue, as defendant admits, is this:

Was defendant's evidence sufficient to allow a jury to find that the corporation note was fraudulently given to plaintiff in payment of Fisher's individual debt?

It is well settled that fraud must be proved by clear and convincing evidence: *New York Life Insurance Company v. Brandwene,* 316 Pa. 218, 172 A. 669; *Suravitz v. Prudential Insurance Co.,* 261 Pa. 390, 104 A. 754; *Pusic v. Salak,* 261 Pa. 512, 104 A. 751; *Campdon v. Continental Assurance Co.,* 305 Pa. 253, 157 A. 464. Moreover, "A jury is not permitted, however, to speculate or guess; conjecture, guess or suspicion do not amount to proof: De Reeder v. Travelers Insurance Co., 329 Pa. 328, 198 A. 45; Sharble v. Kuehnle-Wilson, Inc., 359 Pa. 494, 59 A. 2d 58." *Lanni v. P. R. R. Co.,* 371 Pa. 106, 88 A. 2d 887; "nor are they singly or together sufficient to prove fraud." *Zakatoff Will,* 367 Pa. 542, 546, 81 A. 2d 430; *Ash Will,* 351 Pa. 317, 41 A. 2d 620.

Furthermore, even when fraud is not alleged, whenever a party has the burden of proving certain facts his evidence cannot prevail if it is so uncertain, or inadequate, or equivocal or ambiguous, or contradictory as to make findings or legitimate inferences therefrom a mere conjecture; *Musleva v. Patton Clay M. Co.,* 338 Pa. 249, 12 A. 2d 554; *Natvig v. P. R. T. Co.,* 293 Pa. 355, 143 A. 18; *Lithgow v. Lithgow,* 334 Pa. 262, 5 A. 2d 573; *Goater v. Klotz,* 279 Pa. 392, 124 A. 83. When a party who has the burden of proof relies

upon circumstantial evidence and inferences therefrom, such inferences in order to prevail must not only be reasonably deducible from that evidence, but must be so conclusive as to exclude any other reasonable inference or deduction inconsistent therewith: *Polk v. Steel Workers Organizing Committee*, 360 Pa. 631, 62 A. 2d 850; *De Reeder v. Travelers Insurance Co.*, 329 Pa. 328, 198 A. 45. In *De Reeder v. Travelers Insurance Co.*, 329 Pa., supra, this Court in sustaining a judgment for defendant non obstante veredicto said, page 333: "Plaintiff's case fell because of failure of proof. There were no facts or circumstances from which the jury could infer legitimately to the exclusion of other inferences equally plausible that the insured's death resulted from an accident. The burden of proof . . . cannot be met by conjectures . . . Mere conjecture or guesses do not supply this proof . . . the evidence of facts and circumstances on which [the party who has the burden of proof] relies and the inferences logically deducible therefrom, must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition."

What was defendant's clear, unequivocal and convincing evidence?

1. Defendant's witness, Waterman, testified that when he, as Secretary, signed the note in suit he did so because the President directed him to sign it and the corporate seal was not then affixed. This testimony, if relevant, falls far short of establishing fraud or any defense at all to the corporation's sealed note which admittedly was duly signed by the proper officers and delivered to the plaintiff.

2. Four years before plaintiff became Secretary of the defendant corporation, the Board of Directors passed a Resolution on April 3, 1940, providing that

"No officer of the corporation be permitted to borrow money for the company without the approval of the Board of Directors." There was no evidence that the Directors approved this loan from plaintiff and hence defendant contends the loan was ultra vires and the corporation's note given therefor was void. This is an utterly inadequate defense for two reasons: (a) There is absolutely no evidence that plaintiff ever knew of the 1940 Resolution; and (b) Defendant is bound where, as here, it received the money loaned and used it to pay its debts. "As was said in Presbyterian Board v. Gilbee, 212 Pa. 310, 314: 'It is repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's act, and at the same time repudiate his authority. A corporation may not avail itself even of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance' ": *Houghten v. Restland,* 343 Pa. 625, 634, 23 A. 2d 497.

3. Defendant had an account in its ledger known as Account No. 202 in which it was customary to record notes which were payable by defendant to others and neither its present note nor the prior note given to plaintiff was noted or recorded therein. Defendant therefore contends that the present judgment note could not be the note of the corporation and must be fraudulent. If a corporation could avoid its negotiable paper or its just written obligations merely by failing to make a memorandum or record thereof in a book kept for such (recording) purposes, no third party could ever safely loan money to or take a note from or enter into a written obligation with a corporation. There is no merit in this contention.

4. Defendant's last and basic defense arises out of a *bookkeeping entry* in defendant's ledger known as

*Account No. 207 A.* When Wagner's loans were recorded in defendant's "Cash Receipts" ledger, a corresponding entry was made, for some of them, by the bookkeeper in Account No. 207 A. This account, defendant contends, proves clearly and convincingly that plaintiff's loans were made, not to the corporation, but to Fisher individually and hence the present note of the corporation was fraudulent and void.

Exactly what was Account No. 207 A in defendant's ledger? Here is what the Record shows it to be:

"Account No. 207 A

(Page 3, line 5)

Name: Advances from Officers*

*Address:** H. L. Fisher

| Date | Items | Folio | Credits |
|------|-------|-------|---------|
| 1946 | Loan | | |
| June 17 | Clyde Wagner | C 283 | 1580.00." |

"Account No. 207 A

(page 3, line 17)

Name: Advances from Officers*

*Address:** H. L. Fisher

| Date | Items | Folio | Credits |
|------|-------|-------|---------|
| 1947 | Clyde Wagner | | |
| June 17 | C. W. Loan | C 312 | 1500.00." |

It will be noted that the account does not purport to be advances from H. L. Fisher but advances from of-ficer*s, address* H. L. Fisher. Wagner was an officer of defendant corporation. It is clear as crystal that 207 A shows loans from Wagner (plaintiff) but not a credit to Fisher. If the loans are credited to anyone, it is to Wagner. But defendant relies on the testimony of its witness Friedline, who was its former bookkeeper,

---

* Italics, ours.

to explain Account No. 207 A and thus prove its case. Mr. Friedline testified that Account 207 A was considered from the corporation's viewpoint to be Mr. Fisher's personal account with the corporation; that the account indicates that Mr. Wagner made the loan but it did not indicate to whom the loan was made. How unreliable and unconvincing this theory and its supporting evidence actually is becomes further apparent from defendant's testimony that $150.00 of Wagner's loans was credited not to Account No. 207 A but to Account 109 and the bookkeeper "did not know what that account is". All this testimony was, at best for defendant uncertain or ambiguous or equivocal and whether considered singly or collectively was obviously utterly inadequate to prove fraud.

The credibility of witnesses and whether facts and evidence relied upon are true are for the jury; but whether, if true, the evidence is legally sufficient or adequate to establish a claim or a defense or the point for which it was offered, as the case may be, is a question of law for the Court. Cf. *Berardini v. Kay,* 326 Pa. 481, 486, 192 A. 882; *Ralston v. Philadelphia R. T. Co.,* 267 Pa. 257, 269, 110 A. 329; *Corn v. Wilson,* 365 Pa. 355, 75 A. 2d 530.

We have considered all of the other contentions of the defendant but deem discussion thereof unnecessary.

The judgment of the Court below is reversed; the record is remanded to the Court below with directions to enter judgment for the plaintiff upon defendant's judgment note in the sum of $3600.00 with interest thereon from October 10, 1948.