## Mrahunec, Appellant, *v.* Fausti.

Argued March 12, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ

*Harold L. Roth,* for appellant.

*Wayne S. Luce,* with him *Everett Y. Calvin,* for appellee.

OPINION BY MR. JUSTICE BELL, April 16, 1956:

This is an appeal from the Order of the Court below sustaining preliminary objections to a complaint

in equity praying for specific performance of an option to buy real estate embodied in a lease. The lease, dated March 1, 1949, provides in pertinent part:

". . . lessor, . . . does hereby lease, to the lessee, . . . *one store room,*[*] same being part of the lessors residence, locatied on 13th St., Ext, in the Borough of Conway, Beaver County and State of Pennsylvania, on lot *No.* 77 in a plan of lots formerly laid out by the Peoples land Co.

"Whereas: the lessor *agrees to let the lessee use the land* that was *formerly lot No. 77,* in said plan of lots only, for a gasoline service station only, and the store room for use as a grocery store and confectionery store only, . . . .

"Whereas: the lessor agrees to rent *said store room and land* as heretofore mentioned, to the lessee for three (3) years, from the signing of this agreement, with the privaledge of extending the lease for three (3) more years, making the limit of this lease to six (6) years, from the signing of this agreement, under the following terms and conditions, . . . .

"Whereas: the lessor, agrees to sell to the lessee, *said property* at any time within the lease period heretofore mentioned, for the some of fourteen thousand (14000.00) cash, providing the lessee is still in possession of said property at time of sale."

Plaintiff in his complaint sets forth the following:

"7. That by deed dated June 3, 1935, Ludwig Solero and Caterina Solero, his wife, conveyed property in the Borough of Conway being all of Lot No. 78 and the adjoining eleven feet of Lot No. 77 . . . to Mary R. Fausti and Joseph Z. Fausti, here husband, . . . . Said property is more particularly bounded and described as follows, to-wit: Beginning at the southwest corner of

---

[*] Italics throughout, ours.

Morgan Street, now Thirteenth Street, and Seventh Avenue, which corner is also the northeast corner of the premises hereby conveyed; thence along the westerly side of Seventh Street in a southwesterly direction, a distance of 52.5 feet to a point; thence in a westerly direction by a line parallel to the southerly side of Morgan Street, now Thirteenth Street, a distance of 120 feet to a point on the easterly side of Elm Alley; thence in a northerly direction along the easterly line of Elm Alley, a distance of 52.5 feet to a point at the southeast corner of Elm Alley and Thirteenth Street; thence easterly along the southerly side of Thirteenth Street, a distance of 120 feet.

"Having erected thereon a two-story brick building with store room on first floor *and apartment on second floor.*

"8. That by deed dated September 10, *1952,* Ludwick Solero, widower, *conveyed the balance of Lot No. 77—being the southern fourteen feet thereon* . . . to Mary R. Fausti, defendant herein, . . . .

. . . .

"(c) That the defendant be commanded to specifically perform the said contract and deliver to the plaintiff by deed of general warranty and free and clear of all encumbrances and of good and marketable title, *title to the aforesaid described Lot No. 78 and the adjoining eleven feet of Lot No. 77* in the Peoples Land Company in the Borough of Conway, Beaver County, Pennsylvania. Having erected thereon *a two-story brick dwelling house* with store room on the first floor *and apartment on the second floor—and so much of the balance of Lot. No. 77,* said plan, as a survey, will show necessary *to complete title to the building* thereon . . . ."

Defendant's amended preliminary objections provide, inter alia:

"3. The contract averred by the Plaintiff is ambiguous in that it does not clearly grant the Plaintiff any right of option to purchase real property belonging to the Defendant; it does not adequately identify or describe the extent of the real property that is allegedly held by the Defendant subject to the Plaintiff's right of option; and it does not clearly specify the time or period within which the alleged right of option could be exercised by the Plaintiff.

"5. The phrase 'said property' in the alleged option clause of the lease refers and can only refer to the property *actually leased to Plaintiff*, . . . .

"6. The alleged option, if existing as pleaded, existed for and during the three-year term of the original leasehold, to-wit, from March 1, 1949 through February 29, 1952 and expired March 1, 1952, such that Plaintiff's attempted exercise by letter of January 19, 1955 (Exhibit B, Complaint) is of no effect and void."

The lower Court correctly ruled that the option was extended by a renewal of the lease and did not expire until 40 days after its exercise by the lessee.

The lower Court was likewise correct in sustaining defendant's preliminary objections on the ground that the identity of the real estate which was the subject matter of the option was too vague and uncertain for specific performance.

The lessor demised one storeroom being part of lessor's residence located on Thirteenth Street on Lot No. 77, and agreed to let the lessee use the land that was formerly Lot No. 77 for a gasoline service station only, and the storeroom for use as a grocery store and confectionery store only. The lessor then agreed to sell to the lessee "said" property. It is not clear what "said" property was intended to refer to, but at best for plaintiff it could only refer to and include the de-

mised premises. The option certainly cannot be construed to refer to that which plaintiff prays should be specifically conveyed to him, namely, "title to the aforesaid described lot No. 78 and the adjoining 11 feet of Lot No. 77 . . . having erected thereon a two-story brick dwelling house with storeroom on the first floor and apartment on the second floor, and so much of the balance of Lot No. 77 as a survey will show necessary to complete title to the building thereon". This is very, very different from the premises—whatever they were —which plaintiff leased; and neither reason nor authority can sustain plaintiff's complaint or entitle him to specific performance.

A decree for specific performance is not a matter of right but a matter of grace, and will not be granted unless plaintiff is clearly entitled thereto, and there is no adequate remedy at law, and the Chancellor believes that justice requires it: *Roth v. Hartl,* 365 Pa. 428, 75 A. 2d 583; *Merritz v. Circelli,* 361 Pa. 239, 64 A. 2d 796; *Rupniewski v. Miazga,* 299 Pa. 190, 149 A. 193.

In *Suchan v. Swope,* 357 Pa. 16, 19-20, 53 A. 2d 116, the Court, speaking through the present Chief Justice, said: ". . . a contract for the sale of land is unenforceable if the property is not designated with sufficient definiteness to determine what is intended to be conveyed, *nor can parol evidence be accepted to overcome the failure of the writing to locate the subject of the sale.* But the ancient maxim still prevails: Certum est quod certum reddi potest, and, as was said in Peart v. Brice, 152 Pa. 277, 279, 25 A. 537, 'parol evidence to describe the land intended to be sold is one thing, and parol evidence to apply a written description to land is another and very different thing, and for that purpose is admissible.' " Cf. also, *Cheney v. Carver,* 370 Pa. 543, 88 A. 2d 746.

Plaintiff's case fails for the additional reason that he falls within the well established principle, viz., where plaintiff has the burden of proving certain facts he cannot recover if his evidence is so uncertain or inadequate or equivocal or ambiguous or contradictory as to make findings or legitimate inferences therefrom a mere conjecture: *Wagner v. Somerset,* 372 Pa. 338, 341, 93 A. 2d 440; *Musleva v. Patton Clay Mfg. Co.,* 338 Pa. 249, 12 A. 2d 554.

This is clearly not a case for relief by specific performance.

Order affirmed; costs to be paid by appellant.