## McCormick Dray Line, Inc. v. Lovell

*Candor, Youngman & Gibson,* for plaintiff.
*Patrick H. Fierro,* for defendant.

GREEVY, J., May 24, 1957.—The complaint in this case was filed to compel defendants to specifically perform a contract for the sale of defendants' trucking business, its good will, a piece of real estate, and transfer of ICC and PUC certificates as owned by defendants.

Defendants filed preliminary objections to the complaint as follows:

"1. There is present an adequate remedy at law.

"2. The Court is without jurisdiction for the reason of the existence of a Federal question involving the approval of Interstate Commerce Commission rights.

"3. The approval of rights granted by the Pennsylvania Public Utility Commission to Defendant and to be transferred to Plaintiff has not yet been given."

The present contract calls for the transfer of ICC and PUC certificates of public convenience and for the sale of a going business and its good will. The actual damages of a vendor's failure to comply with such an agreement are impossible of precise calculation so that there is no adequate remedy at law. With respect to the remedy of specific performance the Uniform Commercial Code provides (12A PS §2-716):

"(1) Specific performance may be decreed where the goods are unique or in other proper circumstances."

The ICC and PUC rights are unique and therefore proper subject of a decree of specific performance.

The other two objections will be considered together. There is no Federal question involved in this case, and the approval of the transfer by the Pennsylvania Public Utility Commission is not a prerequisite to a decree of specific performance. We are not asked to order the Interstate Commerce Commission and/or the Pennsylvania Public Utility Commission to do anything. This court has no control over, nor does it seek to influence, the Interstate Commerce Commission or the Pennsylvania Public Utility Commission as to what action it may or should take in this matter. The court is only asked to order defendants, in accordance with their agreement, to coöperate for a transfer of the rights if the Interstate Com-

merce Commission and the Pennsylvania Public Utility Commission give their approval. The agreement between the parties provides that it is subject to the approval of the Interstate Commerce Commission and the Pennsylvania Public Utility Commission. Therefore, these objections are without merit.

We make the following

### Order

And now, May 24, 1957, it is ordered and decreed, that the preliminary objections filed by defendants be dismissed and defendants are directed to file an answer to the merits within 20 days of the date hereof.

### Adjudication and Order

GREEVY, J., October 30, 1957—. . .

### Discussion

Plaintiff, McCormick Dray Line, filed its bill in equity to compel defendants, John E. Lovell and Eudora F. Lovell, to specifically perform their contract. Preliminary objections, setting forth that "there is present an adequate remedy at law", were dismissed by the court after argument.

"A decree for specific performance is not a matter of right but a matter of grace, and will not be granted unless plaintiff is clearly entitled thereto, and there is no adequate remedy at law, and the Chancellor believes that justice requires it": Mrahunec v. Fausti, 385 Pa. 64, 68.

"While it is sometimes stated that specific performance is not a matter of right but one of grace, it is established law that the discretion of the Chancellor in any given case must be exercised in accordance with accepted judicial principles. Where a contract is adjudicated to be one which does not offend against conscience, fairness and equity, the right to specific

performance becomes one of right, and not merely of grace": DiPompeo v. Preston, 385 Pa. 512, 519.

In our opinion, filed May 24, 1957, we stated that specific performance may be decreed where the goods are unique and that Interstate Commerce Commission and Public Utility Commission rights are unique.

The test of uniqueness must be made in terms of the total situation which characterizes the contract and here, because specific performance attaches to a material portion of the subject matter of the contract, specific performance will be allowed to the entire contract. We find that plaintiff is ready, willing, desirous, prompt, eager and able to carry out the terms of the contract.

This is clearly a case for relief by specific performance and inasmuch as the contract involves accounting and adjustment between the parties and contains a warranty upon the part of defendant, John E. Lovell, it will be necessary for the court to retain jurisdiction in order to see that the contract is carried out according to its terms.

We make the following

### Conclusions of Law

1. That this court has jurisdiction of the parties and the subject matter of this litigation.

2. That on January 13, 1955, plaintiff and defendants entered into a valid and binding contract.

3. That defendants, by this contract, agreed to sell, assign, transfer and set-over unto plaintiff, defendant's, John E. Lovell's, trucking business, its good will, a piece of real estate and defendant's, John E. Lovell's, Interstate Commerce Commission and Public Utility Commission certificates.

4. Because real estate is part of the subject matter of the contract between the parties and because of the uniqueness of the certificates of public conveni-

ence issued to defendant, John E. Lovell, by the Pennsylvania Public Utility Commission and the Interstate Commerce Commission, set forth in exhibit "A" of plaintiff's exhibit no. 1, attached to the complaint, plaintiff is entitled to specific performance upon defendants' part of the contract for the sale of defendant's, John E. Lovell's, trucking business.

5. Because specific performance attaches to a material portion of the subject matter of the contract, specific performance will be allowed as to the entire contract.

6. The court will retain jurisdiction of this case in order to see that the contract is properly, fairly and equitably carried out by the parties hereto.

7. That plaintiff is entitled to the relief sought.

### Order

And now, October 30, 1957, upon consideration of the foregoing case, it is ordered, adjudged and decreed, as follows:

(a) That a permanent injunction issue restraining defendant, John E. Lovell, from withdrawing application to the Public Utility Commission under application docket no. 72948, folders 8, 9, 10 and 11, application docket no. 72397, folder no. 1, Am-A, for transfer of certificates of public convenience to the petitioner, plaintiff.

(b) That upon entry of final decree herein, defendants, John E. Lovell and Eudora F. Lovell, shall specifically perform the contract entered into on January 13, 1955, with plaintiff, McCormick Dray Line, Inc., this court to retain jurisdiction until the contract is completed and executed in accordance therewith.

(c) That the costs of these proceedings be paid by defendants, John E. Lovell and Eudora F. Lovell.

The prothonotary is directed to enter this decree nisi and to give notice to the parties of this decree,

and if no exceptions are filed within 20 days thereafter, decree shall be entered as a final decree by the prothonotary as of course.