**In the Matter of OVERBROOK & BARSON'S, INC. t/a and d/b/a Ridge Deli-Restaurant, Bankrupt.**

**No. 29210.**

United States District Court
E. D. Pennsylvania.

Aug. 25, 1969.

Ned Stein, Comanor & Stein, Philadelphia, Pa., for Samuel Barson, Jack Weiss and Irving Halpert.

Herman Hurowitz, Philadelphia, Pa., for Abbotts Dairies.

Mendel & Dubyn, Philadelphia, Pa., for bankrupt.

OPINION

HANNUM, District Judge.

This is a petition filed by Barson, Weiss and Halpert (hereafter referred to as Barson, et al) seeking review of an order entered by the referee in bankruptcy denying the reclamation petitions of Barson et al and Abbotts Dairies.

The bankrupt was incorporated in 1963 by Samuel Barson, Jack Weiss, Irving Halpert and Morris Auspitz. These four

were the directors of the corporation. Prior to the bankrupt's occupation of the store, it had been occupied by an unrelated partnership conducting a similar business. That partnership had executed security agreements with Sealtest Foods Division for the equipment and fixtures needed in the operation of the store. The bankrupt wished to purchase the equipment but preferred to deal with Abbotts rather than Sealtest. Abbotts purchased the right, title and interest in the equipment from Sealtest and sold the equipment to the bankrupt for $15,000.00 payable in installments. This transaction was evidenced by a written agreement and in addition the bankrupt and Barson et al individually signed a judgment note. Morris Auspitz, however, did not sign this note.

Abbotts had recorded the assignment from Sealtest to it with the Prothonotary and the Secretary of the Commonwealth, but no financing statement or security agreement was executed by the bankrupt with Abbotts.

On April 17, 1964 Barson et al agreed to sell their shares of stock to Auspitz. A security agreement and judgment note were executed by the bankrupt and Auspitz in favor of Barson et al at that time.

The security agreement covered all the equipment located on the premises. The financing statements were filed by Barson et al with the Prothonotary and Secretary of the Commonwealth. All the documents executed by the bankrupt were signed on its behalf by Barson as president.

Although testimony was taken as to actual fraud, the referee felt that it had not been substantiated by the evidence and restricted the issues before him to determining the validity of the claims of the reclamation petitioners.

 The trustee's objections to Abbotts reclamation petition were sustained except as to certain property which Abbotts had leased to the bankrupt. Abbotts had never filed a financing statement executed by the bankrupt and as a result only had an unperfected security interest in the equipment. Under the Uniform Commercial Code such an unperfected security interest is subordinate to the rights of a lien creditor which includes the trustee in bankruptcy. Not having perfected its security interest Abbotts' claim is subordinate to that of the trustee.

The reclamation petition of Barson et al cannot be disposed of so easily since a financing statement executed by the bankrupt was filed thereby apparently creating a perfected security interest. The referee denied the reclamation petition of Barson et al on the grounds that there was a lack of consideration flowing to the bankrupt and that the bankrupt acted ultra vires in signing the security agreement for all of its property as collateral for the indebtedness of Auspitz.

 The security agreement and judgment note signed on behalf of the bankrupt bore a seal. The general rule in Pennsylvania is that a seal imports consideration, Barnhart v. Barnhart, 376 Pa. 44, 101 A.2d 904 (1954), but the rule does not apply in a court of equity, Community sports, Inc. v. Denver Ringsby Rockets, Inc., 429 Pa. 565, 240 A.2d 832 (1968). The referee in his findings of fact stated that "The bankrupt received no real or valuable consideration in exchange for the transfer of a security interest in its property to Barson et al." The agreement being unsupported by consideration is unenforceable.

 The Business Corporation Law, 15 P.S. Sec. 1303, subd. A(2) provides that the defense of ultra vires may be asserted, "In an action at law or in equity by the corporation, whether acting through a receiver, trustee, or other legal representative * * * against the officers or directors of the corporation for exceeding their authority." A corporation may not raise the defense in contracts with third parties entered into in good faith, especially where it has received the benefit of the performance, Wagner v. Somerset County Memorial Park, 372 Pa. 338, 93 A.2d 440 (1953) (disapproved on other grounds, Smith v. Bell Telephone Co., 397 Pa. 134, 153 A.2d 477

(1959)); Houghten v. Restland Memorial Park, 343 Pa. 625, 634, 23 A.2d 497 (1942), but that is not the present situation. The giving of a security interest in its property by the bankrupt was a gift, a dissipation and diversion of its assets. This transaction was not entered into in good faith by Barson et al. In the instant case Barson, as president of the bankrupt, signed the security agreement for the bankrupt in favor of himself. Transactions between officers of the corporation and the corporation itself must be the subject of careful scrutiny. In this situation the corporation became responsible for the debt of Auspitz.

The opinion and order of the referee are not clearly erroneous and should not be disturbed.

### ORDER

And now, this 25th day of August, 1969, it is hereby ordered that the opinion and order of the referee be affirmed.