In re Frank A. SIMONELLI, Debtor.

Jules S. COHEN, Trustee, Plaintiff,

v.

Richard J. SPINELLI, Defendant.

Bankruptcy No. 82–0755–Orl–BK–GP.
Adv. No. 82–478.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 19, 1983.

Jules S. Cohen, Orlando, Fla., for plaintiff.

W. Scott Gabrielson, Orlando, Fla., Michael Graham, Savannah, Ga., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before the Court on the trustee/plaintiff's complaint to invalidate lien. Defendant is the seller of a motorboat to the debtor to whose bankruptcy case this adversary is related. No material facts are at issue. The sole task before the Court is the determination of the effects on the rights of the parties of two Florida Statutes, i.e., F.S. Sec. 671.1–201, a definitional section of the Florida Uniform Commercial Code (U.C.C.), and F.S. Sec. 328.15, which sets out the requirement for preservation of security interests in motorboats.

A trial was held on July 7, 1983. The facts are straightforward. The buyer/debtor, prior to filing for bankruptcy (under Chapter 7 of the Code), contracted to purchase a motorboat from the defendant. Under the terms of the sales contract the seller was to retain legal title until the entire indebtedness was paid, at which time title was to pass to the buyer/debtor. The buyer proved unable to continue his payments and ultimately surrendered possession of the boat to the seller. All relevant events took place in Florida. It is undisputed that the buyer had possession of the boat between the time of execution of the contract and the time he returned it. It is further undisputed that neither party to the transaction at any time attempted to publicly record the interests created by the sales contract and that the certificate of title continued to indicate the seller/defendant as the sole owner.

We begin our discussion with a clarification of terms. The complaint, which is brought pursuant to § 544 of the Bankruptcy Code, is designated as a complaint to invalidate a lien. The defendant vigorously argues that there is no lien involved, but rather that the seller's continuation in title owner status signifies that the defendant is, for our purposes, owner of the boat, while the buyer/debtor's interest is no more than an unperfected equitable lien. While it is arguably true that technically a lien has not been created, the actions of the parties have clearly given rise to a security interest within the meaning of F.S. Sec. 671.1–201, which defines a security interest as:

. . . an interest in personal property or fixtures which secures payment or per-

formance of an obligation. The retention or reservation of title notwithstanding shipment or delivery to the buyer . . . is limited in effect to the reservation of a security interest. (Other definitional material not relevant here follows.)

Thus whether the defendant's interest can accurately be called a lien is unimportant; it is clearly a security interest under Florida law, and § 544 of the Code places the trustee in the position of an ideally situated lien creditor with respect to all competing interests.

Florida Statute 679.9–302, which is the general statute setting out the kinds of security interests which must be indicated on a properly recorded financing statement in order to be perfected, does not specifically exempt boats from its coverage. However, the statute governing recordation of liens on motorboats, F.S. 328.15, provides that filing of a notice of lien with the Department of Natural Resources, which notice contains information set out in Sec. (1) of the statute, is "in lieu of all filing or recording now authorized by law, and shall be effective as constructive notice when filed." We particularly note that the coverage of this mandatory statute is expressly made applicable to situations such as the one before us:

(1) No liens for purchase money or as security for a debt in the form of *retain title contract,* conditional bill of sale, or chattel mortgage, or otherwise, on a motorboat shall be enforceable in any of the courts of this state against creditors or subsequent purchasers for a valuable consideration and without notice unless a sworn notice of such lien is recorded. (Emphasis added) (The statute then sets out the information which must appear in such a certificate.)

The applicability of this mandatory provision to the instant situation is supported not only by the plain language of the statute, but also by those reported cases construing the analogous provision of the U.C.C. with respect to the effect of the location of title on the rights of subsequent creditors, where no financing statement was filed. In each case it was found that location of title is immaterial to such rights because, as set out above, retention of title is retention of a security interest, no different from security interests created through other means with respect to prerequisites for perfection. *See Suburbia Federal Savings and Loan Association,* 385 So.2d 1151, 29 U.C.C.Rprtg.Svc. 1411 (1980); *In re Picrillo,* 22 U.C.C.Rprtg. Svc. 1409 (Bkrtcy.W.D.Pa.1980); *In re Happy Jack's Restaurant,* 29 U.C.C.Rprtg.Svc. 653 (Bkrtcy.D.Me.1980); *In re Overbrook's Restaurant,* 5 U.C.C.Rprtg.Svc. 948 (U.S. D.C. E.D.Pa.Ref.1968), aff'd 304 F.Supp. 233 (E.D.Pa.1969); 6 U.C.C.Rprtg.Svc. 948, et al.

The defendant's argument that his retention of the title, and continued status as title owner provides notice enough to potential buyers or lenders, would have some surface appeal were it not for the strong statutory policy set out at F.S. 328.15 that a separate filing of notice of lien is necessary. When such a statute is in effect, it is only reasonable to assume that prospective creditors will rely on the filing system as the source of information as to security interests. If the applicable law provided that the face of the certificate of title were to be the sole repository of information as to the existence of security interests, we might well take a different view, distinguishing cases decided under the U.C.C. In fact, the statute provides for recordation of such interests at a separate registry; that requirement is independent of any requirements as to reflection on the title of such interests. The notice filing provision of F.S. 328.15 is highly analogous to the requirement under the U.C.C. for the filing of financing statements. Thus, the question before this Court is virtually identical to that treated in the cited cases and others.

■ In view of the express statutory provision that retention of title operates merely as the retention of a security interest in personalty, the subjective intentions of the parties cannot enter into our determination. Thus, defendant's security interest is unperfected because of its failure to file a notice of lien as required by F.S. 328.15.

The defendant's security interest is thus not valid against the Trustee. Judgment in accordance with this Memorandum Opinion will be entered this day.